# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

VITALIY BUZADZHI and MARINA BUZADZHI,   )
Husband and Wife, individually, and as Next of Kin   )
for J.B., minor, Deceased,   )
   )
          Plaintiffs,   )
   )
v.   )   Case No. 10-CV-247-GKF-PJC
   )
BEXCO ENTERPRISES, INC., and J.C. PENNEY   )
CORPORATION, INC.,   )
   )
          Defendants.   )

## OPINION AND ORDER

Before the court is the Motion to Dismiss of defendant Bexco Enterprises, Inc. ("Bexco") (Dkt. #14).

The Buzadzhis have brought suit to recover for the death of their eleven (11) month old son who was killed when he pulled up onto one or more dresser drawers and the dresser fell on him. They allege that both Bexco and J.C. Penney Corporation, Inc. are liable as sellers under Oklahoma's Uniform Commercial Code for breach of the implied warranty of merchantability, and for breach of the implied warranty of fitness for a particular purpose.

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544).

Bexco first argues that the Buzadzhis failed to provide Bexco with notice of breach of

warranty within a reasonable time after discovering the breach. (Dkt. #14, p.2).[1]  The Buzadzhis' son was killed on November 28, 2007 (Dkt. #2, p.1), and they first provided notice to Bexco by filing this suit on April 19, 2010 and serving Bexco on May 12, 2010. (Dkt. #4).[2]  The UCC requires that a buyer who discovers a breach of an implied warranty must: "within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 12A Okla. St. Ann. § 2-607(3)(a).  In Oklahoma, the "notification may be either oral or in writing and is sufficient if it is informative to the seller of the general nature of the difficulty encountered with the warranted goods by the holding of a majority of the cases dealing with this subject." *Am. Fertilizer Specialists, Inc. v. Wood*, 635 P.2d 592, 596 (Okla. 1981).

The parties have not cited any Oklahoma authority that addresses the limits of reasonable notice when a retail consumer claims breach of an implied warranty in a personal injury case.  The comments to UCC § 2-607(3)(a) state that "'[a] reasonable time' for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith

---

[1]For the purposes of the motion to dismiss, this court assumes without deciding that Bexco, as a remote seller, was entitled to reasonable notice under 12A O.S. § 2-607.  It is unnecessary to decide that issue in order to resolve the motion to dismiss presently before the court.

[2]Bexco argues in its reply brief that filing suit can never constitute reasonable notice, but because this argument was not raised until the reply, it is not properly before the court. Moreover, the Oklahoma UCC commentary appears to be sufficiently expansive to include litigation as one way of providing notice: "Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."  12A Okla. St. Ann. § 2-607 (2004 UCC cmnt #4).  Other courts have agreed. *See, e.g., Maybank v. S.S. Kresge Co.*, 273 S.E. 2d 681 (N.C. 1981) (finding that notice given by filing a lawsuit three years after breach was not per se unreasonable).

2

consumer of his remedy." 12A Okla. St. Ann. § 2-607 (2004 UCC cmnt #4).  In Oklahoma, the UCC comments are considered to be "important interpretive tools" although they are not part of the statute. *Wilkerson Motor Co., Inc. v. Johnson*, 580 P.2d 505, 507 (Okla. 1978).  Moreover, a significant body of case law from around the country holds that the reasonable notice requirements of UCC § 2-607(3)(a) should be judged under a relaxed standard when the suit is brought by a retail consumer of the product. *See, e.g., Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 207 n3 (Colo. 1984) (holding "[s]ince an injured lay consumer would not ordinarily know of the notice requirement, the reasonableness of any notice should be viewed under a more relaxed standard than that exacted of commercial purchasers."); *Fischer v. Mead Johnson Lab.*, 41 A.D. 2d 737 (N.Y.A.D. 1973) (finding "[t]he prescription of timely notice under the code provision is to be applied, if at all, differently in commercial and retail sales situations."); *Hill v. Joseph T. Ryerson & Son, Inc.*, 268 S.E.2d 296, 302-03 (W.Va. 1980) (finding that the notice requirement of UCC § 2-607(3)(a) "has little relevance to the product liability field, where the injured buyer is not seeking to rescind the sales contract and avoid paying the purchase price for the product, but is attempting to recover damages for personal injuries caused by the product.").

Bexco argues that "the fact that this lawsuit involves personal injuries should not alter the conclusion [that plaintiffs failed to give reasonably timely notice]."[3]  The distinction recognized in the case law, however, is not between lawsuits that involve personal injury and those that do not.

---

[3] *See San Antonio v. Warwock Club Ginger Ale Co.*, 248 A.2d 778, 782 (R.I. 1968) (finding that notice given 12 months after retail consumer discovered breach was not reasonable); *Wagmeister v. A.H. Robins Co.*, 382 N.E.2d 23, 25 (Ill. App. 1978) (finding that notice given over 30 months after retail consumer discovered breach was not reasonable); *but see Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E. 2d 1021, 1026 (Ill. App. 1998) (holding that in a case of personal injury, a delay of 11 months after plaintiff learned of the identity of defendant was not unreasonable as a matter of law).

Rather, the distinction is between suits brought by retail consumers and commercial purchasers.  The court is persuaded that the "reasonable notice" requirement of Section 2-607(3)(a) should be viewed under a more relaxed standard than that expected of commercial purchasers.  This is so because a retail consumer is not likely to be aware of the notice requirement, is not primarily concerned with replacement of nonconforming shipment of goods, and because there can be no issue of commercial bad faith on the part of the retail consumer.

Citing a number of cases in support, Bexco argues that a delay of two and a half years is per se unreasonable, even in a retail consumer injury case.  *See Leeper v. Banks*, 487 S.W. 2d 58, 59 (Ky. Ct. App. 1972) (holding a retail consumer who suffered personal injury was barred from recovery when she did not provide notice to the seller for nearly a year after the injury); *San Antonio v. Warwick Club Ginger Ale Co.*, 248 A.2d 778, 782 (R.I. 1968) (finding that notice given 10 months after retail consumer discovered breach was not reasonable); *Wagmeister v. A.H. Robins Co.*, 382 N.E.2d 23, 25 (Ill. App. 1978) (finding that notice given over 30 months after retail consumer discovered breach was not reasonable); *Castro v. Stanley Works*, 864 F.2d 961, 963-64 (1st Cir. 1989) (refusing to overturn jury's finding of prejudice to the manufacturer from notice 20 months after the injury occurred).  Bexco also cites *Buford v. Toys R' Us, Inc.*, 458 S.E. 2d 373 (Ga. App. 1995).  Bexco's counsel fails, however, to note that the Georgia Court of Appeals explicitly disapproved *Buford* in *Wal-Mart Stores, Inc. v. Wheeler*, 586 S.E. 2d 83, 86 (Ga. App. 2003) (*cert. denied* Nov. 17, 2003).  In *Wheeler*, the Georgia court held that notice given two years and three

4

days after the injury was not unreasonable as a matter of law where the seller presented no evidence of prejudice resulting from the delay.[4]

The Buzadzhis argue that even notice provided two and a half years after the breach can be reasonable in a retail consumer injury case.  The Supreme Court of North Carolina analyzed a provision identical to Oklahoma's and found that "[w]hen the plaintiff is a lay consumer and notification is given to the defendant by the filing of an action within the period of the statute of limitations, and when the applicable policies behind the notice requirement have been fulfilled, we hold that the plaintiff is entitled to go to the jury on the issue of seasonable notice." *Maybank v. S.S. Kresge Co.*, 273 S.E. 2d 681, 685 (N.C. 1981).  The North Carolina Supreme Court held that even a three year delay in notice was not per se unreasonable in a retail consumer personal injury claim. *Id.*; *see also Malawy v. Richards Mfg. Co.*, 150 Ill.App. 3d 549, 561-62 (Ill. App. 1986) (holding that notice can be reasonable when given three years after an injury took place if given promptly after discovering the identity of the remote seller); and *Moore*, 332 N.W. 2d at 215 (upholding a ruling that notice given by a consumer to a seller within two and a half years of discovering the defect was reasonable).

The court concludes that, insofar as the Buzadzhis are lay consumers and notification was given to Bexco by the filing of an action within the statute of limitations, Bexco's motion to dismiss must be denied.  This court has not considered the affidavits and other evidentiary materials

---

[4]Bexco also failed to cite the conflicting authority when it referenced *Wilcox v. Hillcrest Memorial Park of Dallas*, 696 S.W. 2d 423 (Tex. Civ. App. 1985).  *See Vintage Homes, Inc. v. Coldiron*, 585 S.W. 2d 886, 888 (Tex. Civ. App. 1979).  Counsel's failure is of particular concern because in affirming *Wilcox*, the Texas Supreme Court noted that a conflict existed between the decisions of the two Texas Courts of Appeals, and expressly reserved judgment on the question. *Wilcox v. Hillcrest Memorial Park of Dallas*, 701 S.W. 2d 842, 843 (Tex. 1986).

5

appended to the response and reply briefs, and therefore need not convert this motion to one for summary judgment.

In its second proposition, Bexco argues that it cannot have made any implied warranties because it was neither the manufacturer nor in the chain of distribution.  In its third proposition, it argues that because it did not warrant the dresser, the Buzadzhis are not entitled to the UCC's five year statute of limitations for breach of implied warranty.  This court, however, must take plausible pleadings as true.  The Buzadzhis allege that Bexco was in the business of designing, manufacturing, marketing, selling, and/or distributing dressers designed for use in children's rooms. (Dkt. #2). The parties' dispute over what role, if any, Bexco played in the manufacture, distribution, or sale of the dresser in question is an issue of fact which cannot be resolved on a motion to dismiss.

Finally, Bexco argues that because it is at most a remote seller, it had no reason to know of the particular purpose for which the Buzadzhis would use the dresser, and therefore cannot be liable for breach of the implied warranty of fitness for a particular purpose.  Oklahoma's UCC provides that: "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." 12A O.S. § 2-315.  Comment 1 to 12A O.S. § 2-315 states that "[w]hether or not this warranty arises in any individual case is basically a question of fact to be determined by the circumstances of the contracting. Under this section the buyer need not bring home to the seller actual knowledge of the particular purpose for which the goods are intended . . ., if the circumstances are such that the seller has reason to realize the purpose intended . . ." The Buzadzhis allege that at the time of the sale of the dresser, "Defendants had reason to know

6

that the dresser would be used in children's rooms and that buyers, such as the Buzadzhis, would rely on their respective skills or judgments to select or furnish suitable products.  There was, therefore, an implied warranty under 12A O.S. § 2-315 that the dresser was fit for use in children's rooms." (Dkt. #2).   The Buzadzhi's pleadings are plausible.   The parties' dispute over the particular circumstances of the marketing and sale of the dresser present issues of fact that cannot be resolved in a motion to dismiss.

WHEREFORE, Bexco's Motion to Dismiss (Dkt. #14) is denied.

IT IS SO ORDERED this 4th day of January, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma